UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT LUEDTKE,                               Case No. 13-cv-787-pp

        Plaintiff

v.

SODEXO OPERATIONS, LLC.,
d/b/a Sodexo,

        Defendant.

---

**ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE, AND FAILURE TO COMPLY WITH THIS COURT'S ORDER**

---

This case comes before the court on defendant Sodexo's motion to dismiss with prejudice. The court grants the motion to dismiss, but grants it without prejudice.

I.    Factual Background

On July 12, 2013, the plaintiff—represented by counsel—filed a complaint alleging that Sodexo had violated the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family and Medical Leave Act. Dkt. No. 1. Defendant Sodexo filed its answer on October 1, 2013, Dkt. No. 4, and the court held a Rule 16 scheduling conference on December 4, 2013, Dkt. No. 10.

On July 27, 2014, counsel for the plaintiff filed a motion to withdraw, citing medical issues. Dkt. No. 16. Counsel asked the court to stay all

1

scheduling deadlines for sixty days, to allow the plaintiff to find successor counsel. Id. On August 12, 2014, the court granted both the motion to withdraw and the request to stay deadlines. Dkt. No. 20.

On October 10, 2014, the plaintiff—now proceeding *pro se*—filed in the after-hours drop box a letter asking the court to extend the time for him to find a new lawyer. Dkt. No. 21. He stated that he'd contacted various lawyers, and hadn't found anyone to take his case, stating that he needed more time to find someone. The defense did not object, Dkt. No. 22, and on October 20, 2014, the court granted another sixty-day stay, Dkt. No. 23. Sixty days from October 20, 2014 was December 19, 2014.

Between October 20 and December 19, 2014, the plaintiff did not file any further motions to extend deadlines. On December 29, 2014, the clerk's office reassigned the case to Judge Pepper.

On January 22, 2015, the court sent out a notice, requiring the parties to appear at a telephonic status conference scheduled for February 3, 2015. When the time and date for that hearing arrived, the court's staff was unable to reach the plaintiff by phone. Dkt. No. 26. The previously-assigned judge—Judge Randa—had indicated that if the plaintiff didn't obtain new counsel within sixty days of the October 20 order (in other words, by December 19), he would issue a new scheduling order. Accordingly, despite the fact that the plaintiff did not appear at the February 3, 2015 status hearing, Judge Pepper issued a new scheduling order. The new order set a deadline of March 6, 2015 for the plaintiff to disclose his expert witness; March 27 for the defendant to

disclose its expert witness; March 30 for the completion of all discovery; and April 30 for the filing of any dispositive motions. Id. The court also scheduled a status conference for July 6, 2015. Id.

On March 6, 2015, the plaintiff filed another letter with the court. Docket No. 27. In this letter, the plaintiff reminded the court that his original attorney had withdrawn due to medical issues, and that he'd not been able to find anyone else to represent him "due to a lien placed on this case by [the attorney's] original firm." Id. He indicated that he'd talked to the firm about the lien, and that the firm would be getting back to him in a few days. He finished by stating, "I will need some extensions on deadlines in the near term." Id.

On March 9, 2015, the court issued a text-only order, denying the plaintiff's request for further extensions. The court noted that the plaintiff already had had seven months to find new counsel, and that the plaintiff had not appeared for the February 3 status conference. The court left the deadlines set on February 3, 2015 in effect.

On March 30, 2015, the defendant filed the instant motion to dismiss. Dkt. No. 28. The motion asked the court to dismiss the case with prejudice under Fed. R. Civ. P. 41, for the plaintiff's failure to prosecute and his failure to comply with the Federal Rules of Civil Procedure as they relate to discovery. Id. In the brief supporting the motion, the defendant laid out the history of the plaintiff's delays and failure to comply. Dkt. No. 29.

The defendant noted that the plaintiff had delayed, and had failed to comply with the rules, even before his attorney had moved to withdraw. The

3

brief alleged that the plaintiff had not made his initial disclosures until February 14, 2014—almost two months after the deadline Judge Randa had imposed. Id. at 2. It alleges that when the plaintiff finally responded to the written discovery requests—after several requests for more time to do so—the plaintiff's responses were incomplete. Id. The defendant alleged that it made "numerous" attempts to confer with the plaintiff about the missing items, but that the plaintiff would cancel scheduled telephone conferences at the last minute. Id.

The brief also alleged that the defendant first attempted to depose the plaintiff on July 8, 2014—a date agreed upon by the plaintiff. Several days prior to the scheduled date, the plaintiff canceled the deposition due to counsel's health problems. Id. The parties then agreed to a new deposition date the week of July 28. One day before that scheduled deposition, however, the plaintiff notified the defendant that all scheduled depositions were off. Id. at 2-3.

The brief alleges that further delays and failures to comply ensued after the plaintiff's counsel withdrew. The defense indicates that on February 5, 2015, it sent the now-*pro se* plaintiff a letter seeking to depose him, and offering the dates of February 24, February 26 or February 27. The defendant asked the plaintiff to respond with his availability by February 11, 2015, but he did not respond. Id. at 4. On February 20, 2015, the defendant sent the plaintiff another letter, asking him to respond by February 26, 2015 regarding whether he could be deposed on March 17, March 18 or March 20. Again, the

4

plaintiff did not respond, despite the fact that this time the defendant informed the plaintiff that if he did not respond, the defendant would ask the court to dismiss the plaintiff's case. Id.

On March 9, 2015, the defendant noticed the plaintiff's deposition for March 20, 2015 at 9:30 a.m. Id. at 4-5. The notice was accompanied by a cover letter, in which defense counsel invited the plaintiff to contact her if he had any questions. The plaintiff did not respond, nor did he appear, and the brief alleged that, as of the date it was filed, the plaintiff had not communicated with the defense in any way since his counsel withdrew. Id. at 5.

The plaintiff did not respond in writing to the defendant's motion to dismiss. The court scheduled a hearing on the motion for May 18, 2015 at 2:00 p.m. in Room 149 of the United States Courthouse. On April 15, 2015, it sent notice of this hearing by U.S. mail to the plaintiff at the address on the docket. Between April 15, when the court sent the notice, and May 18, the date of the hearing, the plaintiff did not contact the court.

The court held the hearing on the motion on May 18. While the hearing was scheduled to start at 2:00 p.m., the court waited until 2:15 to start, because the plaintiff was not present. The plaintiff did not appear during the course of the afternoon's hearing.

II.  Analysis

Fed. R. Civ. P. 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The rule further states that, "[u]nless a dismissal order

5

states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."

The Seventh Circuit has acknowledged that dismissal of a lawsuit is an "extreme sanction," and that dismissal for failure to prosecute is "draconian." In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation, 124 Fed. Appx. 452, 456 (7th Cir. 2005), citing Maynard v. Nygren, 332 F.3d 462, 467 (7th Cir. 2003). For that reason, the court has held that a court may dismiss for failure to prosecute only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Id. The court must warn the party that dismissal is possible, id., and must consider "among other things, the frequency and magnitude of the plaintiff's failure to prosecute, the likelihood of success on the merits, prejudice to the defendant, and the impact of delay on the court's docket." Id., citing Aura Lamp & Lighting, Inc. v. Int'l Trading Corp., 325 F.3d 903, 908 (7th Cir. 2003).

In this case, the defense warned the plaintiff that it would seek dismissal of his case if he did not respond to its February 20, 2015 letter attempting to schedule the plaintiff's deposition. The defendant then followed up by filing the motion to dismiss. The court scheduled a hearing on that motion, clearly indicating to the plaintiff that he faced the possibility of dismissal. The plaintiff neither responded to the motion in writing, nor appeared at the hearing on the motion to dismiss. The court concludes that the plaintiff had warning that dismissal was possible.

The court also concludes that there is a clear record of delay. The defendant argues that the plaintiff engaged in a pattern of delay even before his counsel moved to withdraw. The court agrees that there were delays at that time—prior to July 27, 2014—but gives the plaintiff the benefit of the doubt regarding those delays due to the fact that his attorney was ill. The court finds, however, that the delays that have occurred since the plaintiff's attorney withdrew in August of 2014 fall into the "delay or contumacious conduct" category. The plaintiff's attorney was allowed to withdraw on August 12, 2014—nine months prior to the hearing on the motion to dismiss. The court understands that for part of that time—between August 2014 and December 2014—the plaintiff was not required to produce discovery; the court had stayed all of the discovery deadlines to allow him time to find a new lawyer. But between December 19, 2014 and March 6, 2015—the day he told the court that he hadn't been able to find a new lawyer and that he'd "need some extensions on deadlines," the plaintiff did not respond in any way to the defendant's valid attempts to depose him. He simply ignored those requests. Indeed, the plaintiff's March 6 letter to the court did not explain why he had not responded to the defendant's February attempts to schedule depositions. It made no mention of those attempts at all.

The plaintiff failed to appear at the February 3, 2015 hearing this court scheduled, with no explanation. (It is not infrequent that a party will miss a court hearing, and then follow up with a call or letter to the court, explaining what happened and asking for leniency. The plaintiff in this case did not do

7

that.) The court set new deadlines, and sent those to the plaintiff. He clearly was aware of those deadlines, because in the March 6 letter, he stated that he would "need extensions" of them. The court denied the plaintiff's request for extensions of the deadlines, finding that the plaintiff had had some seven months to find a new lawyer. Because the court denied the plaintiff's request for an extension, the deadlines set in the court's February 3, 2015 scheduling order remained in effect.

Even after the court denied the plaintiff further extensions of time, the defendant tried again to take the plaintiff's deposition. The defendant noticed a deposition for March 20, 2015. It sent that notice on March 9—eleven days before the scheduled deposition—along with a cover letter informing the plaintiff that he could call defendant's counsel if he had any questions. The plaintiff ignored both the letter and the notice, and did not appear for the May 20, 2015 deposition. (The defendant notes that this failure violated Fed. R. Civ. P. 37, which provides that a court may dismiss a case where a party willfully fails to appear for a deposition after receiving proper notice.)

By ignoring the defendant's attempts to schedule his deposition, the plaintiff has failed to comply with Fed. R. Civ. P. 16 and 26. But he also has refused to comply with this court's February 3, 2015 scheduling order—an order of the court. Further, he has failed to appear at not one, but two scheduled court hearings—the February 3, 2015 status conference and the May 18, 2015 hearing on the defendant's motion to dismiss. The plaintiff never has contacted the court to ask for different hearing dates, or to ask whether he

can appear by phone, or to explain his failures to appear. He simply ignores the defendant's attempts to collect discovery, and this court's orders and notices that he must appear.

The court concedes that, in the life span of a federal civil case, a delay of nine months is not the longest delay the court has seen. In this case, however, while the delay is not extraordinarily long, it is exacerbated by the plaintiff's refusal to participate in the prosecution of his case by failing to respond to the defendant or to the court. A person cannot file a lawsuit, and then sit back and ignore the other side and the court while he figures out how he can find a way to obtain a lawyer to represent him. It is difficult for plaintiffs who aren't lawyers to prosecute lawsuits on their own. But this court has numerous cases in which plaintiffs—many who appear to be less educated and capable than the plaintiff in this case—undertake that difficult task. And they manage to comply with court deadlines, and do not ignore discovery demands, court orders, or notices of hearing.

The court also notes that parties sometimes fail to comply with court schedules and orders because they do not receive notices or orders in the mail. In this case, however, the plaintiff has never filed a change of address form with the court. The March 6 letter he filed contained a return address identical to the address on the court's docket. The court has received nothing back by return mail as undeliverable; counsel for the defendant stated that the defendant had not received anything back, either.

In short, the court finds that the plaintiff has "persisted in neglecting the case . . . ." In re Bridgetsone/Firestone, Inc., 124 Fed. Appx. At 457. For that reason, the court agrees with the defendant that dismissal, while "draconian," is appropriate.

The court will not, however, grant the defendant's request to dismiss the case with prejudice. Dismissing a case with prejudice means that the plaintiff cannot ever re-file the case. In a situation like this one, where the plaintiff does not have a lawyer advising him, is not a lawyer himself, may not realize the severe repercussions of his non-compliance and failure to prosecute, and never has appeared to explain these failures to the court, the court cannot ignore the possibility that there *may* be some acceptable explanation for the plaintiff's behavior. In light of that possibility, the court finds that it is not appropriate to bar the plaintiff for all time from litigating these claims.

III. Conclusion

Because the court finds that the plaintiff has engaged in a pattern of refusing to comply with valid discovery demands, refusing to comply with court orders, and failing to appear at scheduled hearings, the court **GRANTS** the defendant's motion to dismiss the complaint, but **ORDERS** that the dismissal is **WITHOUT PREJUDICE**.

Dated in Milwaukee this 18th day of May, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Court

10